# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr42

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JOSHUA TEAGUE. ) | |

**THIS MATTER** is before the Court on the Government's Motion for Review of Release Order and Motion for Detention [Doc. 16], filed August 26, 2009. The Court held a hearing on this motion on October 5, 2009.

Section 3143(a)(2) of Title 18 of the United States Code requires the detention of a defendant awaiting sentence who has been found guilty of a "crime of violence," as that term is defined by the Bail Reform Act of 1984. Because the Defendant is subject to mandatory detention under this section, and because no exceptional circumstances have clearly been shown as to why such detention would not be appropriate under 18 U.S.C. § 3145(c), the Order of the Magistrate Judge denying the Government's motion for detention and continuing the release of the Defendant pursuant to the terms and conditions of his pretrial release must be reversed.

## I. PROCEDURAL BACKGROUND

On May 19, 2009, the Defendant was charged in a three-count Bill of Indictment with possession, distribution, and transportation of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1), (a)(2), and (a)(4)(B). [Doc. 1]. The Defendant's initial appearance and arraignment were held on May 29, 2009, at which time the Defendant was released on an unsecured bond and placed on electronic monitoring. [Doc. 3]. On August 7, 2009, the Defendant filed a Notice of Intent to Change Plea [Doc. 12], and a Rule 11 hearing was scheduled for August 13, 2009.

At the commencement of the Rule 11 hearing, the Magistrate Judge asked the counsel for the Government whether the Defendant would be pleading to an offense requiring mandatory detention under 18 U.S.C. § 3143(a)(2). The Magistrate Judge offered his conclusion that he believed that the case fell under 18 U.S.C. § 3143(a)(1), and counsel for the Government agreed. Thereafter, the Magistrate Judge conducted the Rule 11 inquiry and accepted the Defendant's pleas of guilty to all three charges set forth in the Indictment. After the plea colloquy, the Government moved for detention of the Defendant pursuant to § 3143(a)(1), and the Court began a hearing to

determine whether the Defendant could produce clear or convincing evidence of a lack of flight risk or dangerousness.

During the detention hearing, the Defendant presented testimony to demonstrate that he had complied with all terms and conditions of his pretrial release and to show that he did not pose a danger to the community. A pretrial services report was introduced into evidence which showed that the Defendant resided with his parents and his sister; that he is currently unemployed; and that the Defendant has no criminal record and no history of mental health or substance abuse issues.

The Defendant requested that the hearing be continued until the following day so that he could produce additional witnesses. The Government indicated that it also wished to present certain witnesses the following day. The Magistrate Judge continued the hearing until the morning of August 14, 2009.

When the hearing was convened the following morning, counsel for the Government advised the Court that the Government was now moving to detain the Defendant pursuant to 18 U.S.C. § 3143(a)(2). The Magistrate Judge declined to allow the Government to proceed under that section, reasoning:

> The undersigned finds that the defendant could now argue that he did not have due process of law if the court were to allow the government to now change their position after the entry of the defendant's plea of guilty. The undersigned further finds that it would be a violation of due process and unfair to the defendant to allow the government to now change the basis for their request for detention while the court was almost through hearing the evidence in a hearing that both the government and the defendant had agreed was being conducted pursuant to 18 U.S.C. § 3143(a)(1).
> . . . Based upon the government's previous position and to prevent manifest unfairness and lack of due process to the defendant, the undersigned declines to consider the detention of the defendant, pursuant to 18 U.S.C. § 3143(a)(2). . . .

[Doc. 15 at 9-10]. The Magistrate Judge then went on to consider the release of the Defendant pending sentencing pursuant to 18 U.S.C. § 3143(a)(1). Finding that the Defendant had presented clear and convincing evidence that his release "would not create a risk of harm or danger to any other person or the community," [Id. at 12], the Magistrate Judge denied the Government's oral motion for detention and ordered that the Defendant be continued on the terms and conditions of pretrial release that had been previously entered.

This appeal followed.

4

## II. FACTUAL BACKGROUND

The evidence presented at the hearing before the Magistrate Judge is summarized in his Order of August 20, 2009. [Doc. 15]. Neither party objects to the Magistrate Judge's factual findings, and upon careful review, the Court finds and concludes that these findings are supported by the record. Accordingly, the Magistrate Judge's factual findings, as set forth in pages one through eight of his Order entered August 20, 2009 [Doc. 15], are adopted and incorporated herein.

## III. STANDARD OF REVIEW

"If a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a). The Court reviews the Magistrate Judge's Order de novo. See United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). Thus, this Court must make "an independent determination of the proper pretrial detention or conditions of release." Id.

## IV. ANALYSIS

The Mandatory Detention Act of 1990 requires that defendants who are found guilty of certain categories of offenses must be detained pending sentencing, with three exceptions. See 18 U.S.C. § 3143(a)(2); United States v. Goforth, 546 F.3d 712, 713-14 (4th Cir. 2008). First, a defendant may be released pending sentencing if "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i). Second, a defendant may be released pending sentencing if "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A)(ii). The third exception is found in 18 U.S.C. § 3145(c), which provides, in pertinent part, as follows:

> A person subject to detention pursuant to section 3143(a)(2) . . ., and who meets the conditions of release set forth in section 3143(a)(1)[1] . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate.

---

[1]Section 3143(a)(1) provides, in pertinent part, that a defendant who is awaiting sentencing may be released if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1).

18 U.S.C. § 3145(c) (emphasis added). The District Court is a "judicial officer" within the meaning of § 3145(c) and is therefore authorized to release defendants when "exceptional reasons" exist. <u>Goforth</u>, 546 F.3d at 716.

The Government and the Defendant both agree, and the Court so finds and concludes, that due to the nature of the offense to which he pled guilty, the Defendant is subject to mandatory detention pending sentencing pursuant to 18 U.S.C. § 1343(a)(2). The parties further agree, and the Court so finds and concludes, that there is nothing before the Court to indicate that the Government is estopped from arguing or from otherwise advocating that detention is mandatory under this statutory provision. Specifically, with respect to the Magistrate Judge's conclusion that it would be a violation of due process to allow the Government to change its position on the issue of detention, the Court finds and concludes that there was no violation of due process in the Government changing its position with regard to the application section 3143(a)(2) between the first day and the second day of the detention hearing. The record reflects that in communications with Defendant's counsel prior to the Rule 11 hearing, the Government had advised the Defendant of its position that detention would be mandatory. The Government's initial position on the issue of detention at the hearing before the Magistrate Judge

apparently resulted from a miscommunication between the two Assistant United States Attorneys who have been assigned to this case, and the Government subsequently attempted to clarify its position prior to the conclusion of the detention hearing. The Defendant has expressed no desire to withdraw or change his plea in light of the clarification of the Government's position on the issue of detention.

Having determined that the Defendant is subject to mandatory detention and that the Government is not estopped or otherwise precluded from seeking detention in this case, the Court now turns to the issue of whether the Defendant is subject to release pursuant to 18 U.S.C. § 3145(c).[2] The Government does not contest the Magistrate Judge's conclusion that there is clear and convincing evidence that the Defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released...." 18 U.S.C. § 3143(a)(1). Thus, the only question that remains is whether there are "exceptional reasons" within the meaning of 18 U.S.C. § 3145(c) to justify the continued release of the Defendant pending sentencing.

At the hearing before the undersigned, defense counsel argued that the Defendant's lack of criminal activity and cooperation with the Government for

---

[2] It is not contended that the Defendant is subject to release pursuant to either 18 U.S.C. § 3143(a)(2)(A)(i) or 18 U.S.C. § 3143(a)(2)(A)(ii).

8

the two-year period between the initiation of the Government's investigation and the Defendant's plea of guilty to the Indictment in this case, as well as his compliance with the terms and conditions of his pretrial release, constitute exceptional reasons to justify his continued release pending sentencing. While the Government does not dispute the Defendant's lack of criminal history, his cooperation during the investigation of this case or his compliance while on pretrial release, the Government argues that these circumstances do not constitute exceptional reasons to justify his continued release.

After careful consideration of the evidence presented and the arguments of counsel, the Court concludes that the Defendant does not satisfy the requirement for release under section 3145(c). Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 925-26 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release) (quoting United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004)); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to

9

situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 (2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and that he has complied with the terms and conditions of his pretrial release, even for an extended period of time as was the case here, do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history does not rise to the level of "exceptional reasons" to justify his continued release. See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional' about going to school, being employed, or being a first-time offender, either separately or in combination.").

Accordingly, for the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Government's Motion for Review of Release Order and Motion for Detention [Doc. 16] is **GRANTED**, and the Magistrate Judge's Order [Doc. 15] denying the Government's motion for detention and continuing the release of

the Defendant pursuant to the terms and conditions of his pretrial release is hereby **REVERSED**.

The Defendant is hereby remanded to the custody of the United States Marshal.

**IT IS SO ORDERED**.

Signed: October 7, 2009

Martin Reidinger
United States District Judge